UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNEL WALKER, JR.,            )
                               )
            Petitioner,        )      Case No. 1:05-cv-365
                               )
v.                             )      Honorable David W. McKeague
                               )
MICHIGAN DEPARTMENT OF         )
CORRECTIONS et al.,            )
                               )
            Respondent.        )
_____)

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his state-court remedies.

**Discussion**

    I.        Factual allegations

Petitioner currently is incarcerated in the Bellamy Creek Correctional Facility. Petitioner is serving two consecutive prison terms of five to twenty years for delivery of a controlled substance imposed by the Ingham County Circuit Court on January 12, 1994, and term of ten to forty years for assault with intent to rob while armed imposed by the Berrien County Circuit Court on November 15, 1982. On October 25, 2001, Petitioner was granted parole for a period of twenty-four months. A parole violation warrant issued on July 23, 2003, charging Petitioner with four counts of violating his parole. The revocation hearing was held on December 30, 2003. A hearing summary and recommendation report was completed on January 8, 2004. According to the report, Petitioner pleaded guilty to count four by admitting that he made a false and inaccurate report to his agent when he stated that he did not own a motor vehicle. In exchange for his guilty plea, the Office of Field Programs dismissed the other three counts and recommended that Petitioner be granted parole on October 14, 2003, 90 days after he had become available on the parole violation charges.[1] On January 13, 2004, the Michigan Parole Board issued a notice of action continuing Petitioner's parole review for a period of twelve months. Petitioner remains incarcerated.

Petitioner first claims that the hearing officer failed to make a written statement of the findings of fact as to the evidence he relied on to revoke Petitioner's parole in violation of MICH. COMP. LAWS § 791.240(a)(6) and his federal due process rights. He further claims that the parole board violated the plea agreement by revoking his parole for a period of twelve months. Petitioner

---

[1] It is unclear why the recommended parole release date pre-dated the parole revocation hearing by more than two months.

filed a complaint for a writ of habeas corpus in the Montcalm County Circuit Court, which was denied on September 3, 2004. The Michigan Court of Appeals subsequently denied Petitioner's complaint for a writ of habeas corpus on May 5, 2005. Petitioner does not allege that he appealed the decision to the Michigan Supreme Court.

II.     Exhaustion of state court remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he filed complaints for a writ of habeas corpus in the state circuit court and the Michigan Court of Appeals,

- 3 -

but does not allege or show that he appealed the decision to the Michigan Supreme Court. Because Petitioner did not present his claims in the state's highest court, he fails to satisfy the exhaustion requirement. The Michigan Rules of Court provide that an application for leave to appeal may be filed within 56 days after the court of appeals clerk mails notice of the court's order. *See* M.C.R. 7.302(C)(2)(a). The court of appeals denied Petitioner's complaint for a writ of habeas corpus on May 5, 2005, so the 56-day period for filing an application for leave to appeal in the Michigan Supreme Court will expire on or about June 30, 2005. Accordingly, Petitioner still has time remaining in which to file his appeal in the Michigan Supreme Court.[2]

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he failed to exhaust his state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit

---

[2]Petitioner's habeas application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner, therefore, should promptly file a new habeas action after he has fully exhausted his state-court remedies.

that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of petitioner's claims on the procedural grounds of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude

either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: June 16, 2005                                      /s/   David W. McKeague
                                                          David W. McKeague
                                                          United Stated District Judge